IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                                           No. CR 99-631 MV

CRUZ MIRANDA-AYALA,

    Defendant.

## **ORDER**

**THIS MATTER** came before the Court on the Defendant's Motion to Suppress Evidence Seized in Violation of the Fourth Amendment filed July 26, 1999 **[Doc. No. 16]**. A hearing was held on this matter on November 3, 1999. The Court, having considered the motion, response, testimony of witnesses, oral argument of counsel and being otherwise fully informed, finds that the motion is well-taken and will be GRANTED.

On May 13, 1999 Defendant Cruz Miranda-Ayala was stopped in his vehicle for a traffic violation and subsequently arrested on an outstanding warrant. The arresting officer conducted an inventory of the vehicle, which revealed nothing out of the ordinary, and arranged for the vehicle to be impounded at Baca's Towing Services. Nineteen hours later, an employee of Baca's Towing Service, Mr. Avelino Gonzales, was conducting his own inventory of the vehicle, whereupon he discovered a small black bundle containing a white powdery substance under the driver's seat. Mr. Gonzales returned the bundle to its original place under the driver's seat and notified the local police. Officer Edward Walters arrived on the scene, entered the vehicle, took the bundle from under the seat, opened it and field-tested the white powdery substance. Officer Walters then ordered Mr. Gonzales and Mr. Raymond Baca, owner of Baca's Towing Company,

to assist him in searching the vehicle. The three forced open several locked compartments which revealed more suspected contraband. At that point, Officer Walters notified the lieutenant at his precinct of his discovery. Officer Walters was told to cease the search immediately. Officer Walters then informed Mr. Baca and Mr. Walters to wait until police backup arrived. While waiting, Officer Walters permitted Mr. Baca to approach the vehicle and "poke around". At one point Mr. Baca jumped in the bed of the truck, lifted a heavy steel wheelbarrow and found a large garbage bag. Mr. Baca opened the garbage bag and discovered additional suspected contraband inside. Officer Walters did not order Mr. Baca to cease and desist at any point during this time.

The Court makes the following findings in granting Defendant's motion to suppress. The search conducted by Officer Walters in concert with Mr. Baca and Mr. Gonzales does not fall into any of the exceptions to the warrant requirement under the Fourth Amendment. At no time during the search did Officer Walters attempt to secure a warrant, although he admits that a warrant could have been easily obtained. In fact, at the time of the search, Officer Walters was not even aware that a warrant is required to search a vehicle without the consent of the owner. The government concedes that the search conducted by Officer Walters, Mr. Baca and Mr. Gonzales was in violation of the Fourth Amendment, but argues that no state action was involved in Mr. Gonzales's initial discovery of contraband under the driver's seat and Mr. Baca's subsequent discovery of contraband under the wheelbarrow. The Court is not persuaded by these arguments.

Although Mr. Gonzales' initial discovery of the contraband was not state action, Officer Walter's subsequent search and seizure of the bundled contraband under the car seat was state action in violation of of the Fourth Amendment. Upon discovering the contraband, Mr. Gonzales

2

immediately replaced the bundle under the driver's seat, out of sight. When Officer Walters arrived on the scene, the contraband was not in plain view. A police inventory of the vehicle had already begun conducted without revealing any contraband. There where no exigent circumstances justifying a warrantless search and seizure. The car was secured in the towing lot. Mr. Gonzales testified that it would have been impossible for anyone to move the vehicle at that point. Furthermore, Defendant was still in custody, eliminating any danger of him returning to the vehicle. Upon receiving the eyewitness testimony of Mr. Gonzales as to the location of the contraband under the driver seat, Officer Walters was required to seek a warrant to search the vehicle. His failure to do so rendered the search and seizure invalid under the Fourth Amendment.

The Court also finds that the discovery of the contraband beneath the wheelbarrow by Mr. Baca under the supervision of Officer Walters is an unlawful search and seizure in violation of the Fourth Amendment. The Tenth Circuit has held that a private citizen may be regarded as an instrumentality of the state when "the government knew of and acquiesced in the intrusive conduct" and when the search is intended to assist law enforcement efforts rather than furthering the private citizen's own ends. *Pleasant v. Lowell*, 876 F2.d 787, 797 (10th Cir. 1989). The circumstances in this case fall well into the parameters of state action set forth under *Pleasant v. Lowell*. Officer Walters had instructed Mr. Baca and Mr. Gonzales to assist him in searching the vehicle. When Officer Walters was ordered to stop the search, he merely requested that Mr. Baca and Mr. Gonzales wait until backup arrived. At no time did Officer Walters order Mr. Baca and Mr. Gonzales to cease and desist from approaching the vehicle. Rather than securing the scene, Officer Walters permitted Mr. Baca to "poke around" the vehicle, jump into the bed of the

vehicle, lift a heavy steel wheelbarrow, and open the discovered garbage bag. Officer Walters had a legal duty to order Mr. Baca to refrain from this activity. In this case, the Court finds that Mr. Baca was acting as a state instrumentality. By engaging Mr. Baca and Mr. Gonzales to assist him in searching the vehicle, and not ordering Mr. Baca and Mr. Gonzales away from the vehicle, Officer Walters created an atmosphere sanctioning the unlawful search and seizure of Defendant's vehicle. Given these circumstances, Mr. Baca's discovery of the contraband under the watchful eye of Officer Walters cannot be separated from state action.

**IT IS THEREFORE ORDERED** that the Defendant's Motion to Suppress Evidence Seized in Violation of the Fourth Amendment filed September 28, 1999 **[Doc. No. 16]** is hereby **GRANTED**.

_____
MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE

Attorney for Defendant:
Dennis Montoya

Attorney for Government:
Neil Gallagher