IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                               No. CR 99-631 MV

CRUZ MIRANDA-AYALA,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Government's Motion to Reconsider the Court's November 16, 1999, Memorandum Opinion and Order granting Defendant's Motion to Suppress Evidence Seized in Violation of the Fourth Amendment filed December 14, 1999 **[Doc. No. 32]**; Defendant's Motion for Immediate Release filed December 22, 1999 **[Doc. No. 33];** and Defendant's Motion to Review Conditions of Release filed November 16, 1999 **[Doc. No. 31]**. A hearing was held on this matter on November 3, 1999.

The Court, having considered the motion, response, testimony of witnesses, oral argument of counsel, the applicable law, and being otherwise fully informed, FINDS that the Motion for Reconsideration **[Doc. No. 32]** is partially well-taken and will be **GRANTED IN PART**. Based upon this ruling, the Court further finds that the Defendant's Motion for Immediate Release **[Doc. No. 33]** and Defendant's Motion to Review Conditions of Release **[Doc. No. 31]** should be **DENIED** at this time. The Court requests that Defendant resubmit its Motion to Review Conditions of Release in light of the Court's present reconsideration of its earlier suppression of the evidence.

## FACTUAL BACKGROUND

On May 13, 1999, Defendant Cruz Miranda-Ayala was stopped in his vehicle for a traffic violation and subsequently arrested on an outstanding warrant. The arresting officer conducted an inventory of the vehicle, which revealed nothing out of the ordinary, and arranged for the vehicle to be impounded at Baca's Towing Services. Nineteen hours later, an employee of Baca's Towing Service, Mr. Avelino Gonzales, was conducting his own inventory of the vehicle, whereupon he discovered a small black bundle containing a white powdery substance under the front seat. Mr. Gonzales returned the bundle to its original place under the car seat and notified the local police. Officer Edward Walters arrived on the scene, entered the vehicle, took the bundle from under the seat, opened it and field-tested the white powdery substance. Officer Walters then ordered Mr. Gonzales and Mr. Raymond Baca, owner of Baca's Towing Company, to assist him in searching the vehicle. The three forced open several locked compartments which revealed more suspected contraband. At that point, Officer Walters notified the lieutenant at his precinct of his discovery. Officer Walters was told to cease the search immediately. Officer Walters then informed Mr. Baca and Mr. Walters to wait until police backup arrived. While waiting, Officer Walters permitted Mr. Baca to approach the vehicle and "poke around". At one point Mr. Baca jumped in the bed of the truck, lifted a heavy steel wheelbarrow and found a large garbage bag. Mr. Baca opened the garbage bag and discovered additional suspected contraband inside. Officer Walters did not order Mr. Baca to cease and desist at any point during this time.

During the November 3, 1999, hearing, the United States conceded that the seizure of the marijuana from the side compartments was the product of an illegal search. Nonetheless, the Government maintained that the seizure of the cocaine from beneath the car seat and the seizure

2

of the marijuana beneath the wheelbarrow was not the product of state action, and was therefore not an illegal search and seizure in violation of the Fourth Amendment. The legal grounds for the Government's position were not adequately briefed or presented to the Court during the hearing. As such, the Court orally granted Defendant's motion to suppress the evidence seized from his impounded vehicle. In its November 16, 1999, written ruling, the Court made the following findings: (1) that Officer Walters was required to obtain a search warrant before conducting any search of the defendant's vehicle since there were no exigent circumstances justifying a warrantless search and seizure; (2) the seizure of the cocaine under the car seat did not fall within any exception to the warrant requirement; and (3) the seizure of the marijuana found under the wheelbarrow was the product of state action. The Government now moves the Court to reconsider its opinion, in light of additional case law presented to the Court. The Government also shifts from its initial position that the seizure of the marijuana from within the panels of the vehicle was unlawful, asking the Court to find that this search as well did not violate the Fourth Amendment. The Court is not persuaded by the Government's arguments concerning the search of the vehicle side panels and the search under the wheelbarrow. Nonetheless, the Court agrees with the Government that the seizure of the cocaine from beneath the car seat was not a product of state action and did not offend the Fourth Amendment.

The Court, however, strongly admonishes the Government for its failure to adequately brief and argue the legality of the search and seizure at the time of the hearing. Although the Court finds that its present ruling is in accord with the law, the Government should not resort to a motion for reconsideration as the means of presenting proper case law to the Court. It is the Government's responsibility to justify the legality of any search and seizures at a hearing on a

motion to suppress. It is unwise, imprudent, and unfair to Defendant for the Government to reserve meritorious arguments for a later motion for reconsideration. Notwithstanding these admonitions, the Court finds that its earlier ruling on the motion to suppress was contrary to applicable case law, and as such, will set aside its November 16, 1999, Order.

## STANDARD OF REVIEW

Although not provided for by the Federal Rules of Criminal Procedure, the courts have created a common-law exception recognizing "motions to reconsider" in criminal cases. *United States v. Healy*, 376 U.S. 75, 78-80 (1964); *United States v. Corey*, 99 F.2d 493, 495 (10th. Cir. 1983). Such motions are essentially treated the same as motions to alter or amend judgment in the civil context under Fed.R.Civ.P. 59(e). *U.S. v. LaHue*, 998 F.Supp. 1182, 1194 (D.Kan. 1998). A motion for reconsideration is an opportunity for the Court to correct manifest errors of law or fact, to review newly discovered evidence or to review a prior decision when there has been a change in the law. *See Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985); *see also* 18 Wright & Miller, Federal Practice and Procedure § 4478, at 790 (2d ed. 1981 & Supp. 1998). Absent extraordinary circumstances, "revisiting the issues already addressed 'is not the purpose of a motion to reconsider.'" *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).

## DISCUSSION

The Government makes the following arguments in its Motion for Reconsideration: (1) because the cocaine was already discovered by a private party, Officer Walters' seizure of the cocaine did not offend the Fourth Amendment; (2) when probable cause exists to search an automobile, no separate finding of exigency is required to justify a warrantless search; and (3) the

4

discovery of the marijuana under the wheelbarrow was not the product of state action. The Defendant disputes the Government's legal arguments. Furthermore, Defense counsel asserts that he was not properly served with the motion and as such, the motion should be stricken. In the alternative, Defendant avers that the Government's motion to reconsider should not toll the time allowed for appeal of the Court's suppression order. The Court will first address Defendant's motion to strike the Government's motion for reconsideration, and then turn to the substance of the Government's motion.

### 1. Defendant's Motion to Strike the Government's Motion for Reconsideration

Defendant moves to strike the Government's instant motion on the grounds that Defendant was never served with the motion. The Government admits that although it certified that a copy of the Motion to Reconsider was served upon Defendant, the service was in fact never done. The Government maintains that the failure to serve was the product of inadvertence, rather than bad faith on the part of the Government. The Court is persuaded that the Government did not deliberately fail to properly serve Defendant. Furthermore, Defendant has had the opportunity to file a response and supplemental briefing concerning the Government's motion. The Court finds that no prejudice has arisen out the Government's failure to properly serve Defendant, and that the extreme sanction of striking the Government's motion would not be appropriate under these circumstances.

In the alternative, Defendant asks the Court to find that the filing of the Motion to Reconsider was done solely for the purpose of delay and consequently should not toll the time for appeal of the Court's suppression order. The filing of a motion for reconsideration extends the time for filing a notice of appeal if the motion us filed within thirty (30) days allowed for the filing

of the notice of appeal. *U.S. v. Karo,* 710 F.2d 1433, 1436 (10th. Cir. 1983), *judgment reversed on other grounds*, 468 U.S. 705 (1984). The Court is satisfied that the Government's motion was not filed for any improper purpose, and therefore, finds that the present motion extends the time for filing a notice of appeal.

  **2. Seizure of the Cocaine**

The Government argues that because the cocaine was initially discovered by a non-state actor, any expectation of privacy was frustrated, and the Fourth Amendment does not prohibit state intrusion which stays within the limits of the private search. The Court agrees with the Government's position. In *United State v. Jacobsen*, the United States Supreme Court held that a DEA agent's seizure of a bag of cocaine did not violate the Fourth Amendment, where the cocaine was initially discovered by a private citizen and revealed by the citizen to the DEA. 466 U.S. 109 (1984). In *Jacobsen*, a private employee examined a damaged package and found a plastic bag containing a white powdery substance. The employee called the DEA and placed the plastic bags back where they had found it in the package. The DEA agent subsequently removed the plastic bag containing the white powdery substance, field tested it and identified it as cocaine. The Supreme Court first held that no illegal search had been conducted. In so holding, the Court reasoned that the

> "agent's viewing of what a private party had freely made available for his inspection did not violate the Fourth Amendment. (citations omitted). Similarly, the removal of the plastic bags from the tube and the agent's visual inspection of their contents enabled the agent to learn nothing that had not previously been learned during the private search. It infringed no legitimate expectation of privacy and hence was not a "search" within the meaning of the Fourth Amendment. *Jacobsen*, 466 U.S. at 120.

The Court further held that the removal of the cocaine from the box and a subsequent field test was not a seizure, because one cannot have a legitimate expectation of privacy in the

possession of cocaine, a controlled substance. *Jacobsen*, 466 U.S. at 123.

In *U.S. v. Donnes*, the Tenth Circuit, following *Jacobsen*, held that where a state search remains within the scope of a previous private search, there is no violation of the Fourth Amendment. However, where the police search exceeds the limits of the private search, an unlawful search has occurred. 947 F.2d 1430, 1434-35 (10th Cir. 1991).

The standard delineated by the Supreme Court in *Jacobsen*, and applied by the Tenth Circuit in *Donnes*, is applicable to the facts in this case as well. Here, a non-state actor, Mr. Gonzales, found a wrapped package, which he opened to reveal a white powdery substance. Mr. Gonzales placed the package back where he found it, and informed Officer Walters of its location. The search conducted by Officer Walters was no greater in scope than Mr. Gonzales' search. Like Mr. Gonzales, Officer Walters removed the package from the car, opened it and found the package to contain a white powdery substance. Mr. Gonzales's initial discovery and search of the package frustrated any expectation of privacy held by Defendant. Officer Walters' subsequent search of the package remained within the parameters of Mr. Gonzales' initial search. Officer Walters learned nothing that had not been previously discovered by Mr. Gonzales and, under *Jacobsen*, was not a search within the meaning of the Fourth Amendment. *See Jacobsen*, 466 U.S. at 120.

Defendant attempts to distinguish *Jacobsen* and *Donnes* from the present case, by arguing that at all times Mr. Gonzales was acting as an agent for the state police. Defendant avers that unlike the cases cited, Mr. Gonzales' only contact with the contraband arose as a result of the state action by which Defendant's vehicle was impounded at Baca Towing. According to Defendant, Baca Towing's sole authority to be in possession and control of Defendant's vehicle

was derived from state authority, and no other source of initiative of their own. Had it not been for the governmental authorization to impound the vehicle, Mr. Gonzales would not have had any independent reason to conduct his inventory search of the vehicle and would not have uncovered the package of cocaine.

Although the Court appreciates the factual distinction raised by Defendant, the Court is not persuaded that such a distinction is meaningful under *Jacobsen* or Tenth Circuit case law. The mere fact that state action created the circumstances which gave rise to a private actor's search does not transform a private citizen into a state actor. Rather, the appropriate standard by which to determine whether Mr. Gonzales was acting as an agent of the police is set forth in *Pleasant v. Lowell*. 876 F2.d 787 (10th Cir. 1989). In *Pleasant v. Lowell*, the Tenth Circuit held that a private citizen may be regarded as an instrumentality of the state when "the government knew of and acquiesced in the intrusive conduct" and when the search is intended to assist law enforcement efforts rather than furthering the private citizen's own ends. *Id* at 797. In this case, there is no evidence that the government knew of or acquiesced in Mr. Gonzales' search. Nor is there evidence that Mr. Gonzales was acting to assist the police, rather than to further his own interests. To the contrary, the evidence indicates that Baca Towing provides services to both state and private customers and that inventory searches are regularly conducted to secure the possessions in a vehicle. Under the facts of this case, it does not appear that Mr. Gonzales' initial inventory search of Defendant's vehicle was anything other than a private search.

Defendant also seeks to limit *Jacobsen* to cases involving the searches in public or semi-public locations. Defendant contrasts *Jacobsen*, in which a Federal Express employee opened a damaged package in a semi-public freight facility, to the present case, in which the contraband

was discovered in a sealed container in the confines of Defendant's vehicle. Defendant argues that because Mr. Gonzales placed the package back where he had found it outside of plain view, any privacy interest which had been frustrated by his search under *Jacobsen*, was subsequently restored. The Court is not persuaded that Jacobsen is limited to searches conducted in semi-public places. Nor does case law indicate that *Jacobsen* applies only to cases in which the private actor leaves the searched material in plain view of the police officer. The mere fact that Mr. Gonzales replaced the package to Defendant's vehicle where it was not longer in plain view does not change the result under *Jacobsen*. For example, in *U.S. v. Walsh*, the Tenth Circuit noted that it was of no significance whether a briefcase searched by a private citizen was open or closed when it was turned over to a Government agent, because the "happenstance of whether a Government agent . . . reopens that which has been searched privately does not convert 'an otherwise private search into an unreasonable official search'." 791 F.2d 811, n. 5 (10th Cir. 1986). Similarly, in *U.S. v. Boyer*, the Eighth Circuit held that a Government agent did not violate the Fourth Amendment by searching a package that had been privately searched and resealed before being turned over to the Government. 914 F.2d 144 (8th Cir. 1990). Likewise, in *U.S. v. Mithum*, the Eighth Circuit found that a Governmental search of a vehicle was not illegal, where the search was more limited in scope than a previous private search. 933 F.2d 631 (8th Cir. 1991). In the present case, although Mr. Gonzales replaced the cocaine under the car seat, Officer Walters' initial search was limited to retrieving that cocaine which had been previously discovered. Like *Walsh*, the fact that the package was replaced in the car did not transform Mr. Gonzales' private search into an unreasonable official search. *See Walsh*, 791 F.2d 811, n.5. Officer Walters' search of the package containing the cocaine remained within the scope of Mr.

9

Gonzales' private search, and revealed nothing more than what Mr. Gonzales' private search had disclosed. Only when Officer Walters engaged the services of Mr. Gonzales and Mr. Baca to search the rest of the vehicle, did Officer Walters exceed the limits of the private search in violation of the Fourth Amendment.

For the reasons so stated, the Court finds that Officer Walter's search of the package of cocaine was permissible under *Jacobsen*, and was not a violation of the Fourth Amendment. As such, the Court sets aside its earlier ruling suppressing the evidence seized from underneath Defendant's car seat.

### 2. Search of the Contraband Under the Wheelbarrow

The Government also moves the Court to reconsider its earlier finding that Mr. Gonzales' search of the marijuana under the wheelbarrow was the product of state action. The Court is not persuaded by the Government's arguments, and stands by its previous ruling.

The discovery of the contraband beneath the wheelbarrow by Mr. Baca under the supervision of Officer Walters is an unlawful search and seizure in violation of the Fourth Amendment. The circumstances in this case fall well into the parameters of state action set forth under *Pleasant v. Lowell.* Officer Walters had instructed Mr. Baca and Mr. Gonzales to assist him in searching the vehicle. When Officer Walters was ordered to stop the search, he merely requested that Mr. Baca and Mr. Gonzales wait until backup arrived. At no time did Officer Walters order Mr. Baca and Mr. Gonzales to cease and desist from approaching the vehicle. Rather than securing the scene, Officer Walters permitted Mr. Baca to "poke around" the vehicle, jump into the bed of the vehicle, lift a heavy steel wheelbarrow, discover a sealed garbage bag and open the discovered garbage bag. This activity was all conducted under the watchful eye of Officer Walters. Contrary to the Government's assertions, the Court does not find that Officer

Walters was a mere witness to the search by Mr. Gonzales. Officer Walter's silence and lack of action in the face of Mr. Gonzales' search of the vehicle is tantamount to his acquiescence under these circumstances. In this case, the Court finds that Mr. Baca was acting as a state instrumentality. By engaging Mr. Baca and Mr. Gonzales to assist him in searching the vehicle, and failing to order Mr. Baca and Mr. Gonzales away from the vehicle, Officer Walters created an atmosphere sanctioning the unlawful search and seizure of Defendant's vehicle. Given these circumstances, Mr. Baca's discovery of the contraband under the supervision of Officer Walters cannot be separated from state action.

### 3. Legality of the Search of the Vehicle Side Compartments

The Government now, in complete contradiction to its earlier position, asserts that the search conducted by Officer Walters in concert with Mr. Baca and Mr. Walters was lawful under the automobile exception. The purpose of a motion to reconsider is not to revisit issues settled at an earlier time. *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). It is not appropriate for the Government to now completely reverse its earlier position and ask the Court to vacate its ruling in accordance. A court reviewing a prior order will not consider new arguments or supporting facts which were otherwise available for presentation when the original motion was briefed. *Chasner v. Freedom Stores, Inc*. 98 F.3d 572 (10th Cir. 1996) (refusing to consider new argument in a motion to amend summary judgment); *Johnston v. Cigna Corp.*, 789 F. Supp 1098, 1101) (D. Colo. 1992), *aff'd*, 14 F.3d 486 (10th Cir. 1993), *cert. denied*, 514U.S. 1082 (1995). Thus, a party who fails to present his strongest case in the first instance generally has no right to raise new theories or arguments in a motion to reconsider, a motion to amend judgment, or a motion seeking relief from judgment. *See Renfro v. City Emporia*, 732 F. Supp 1116, 1117 (D. Kan. 1990) *aff'd*, 948 F.2d 1529 (10th Cir. 1991). As such, the Court declines to

reconsider its prior finding that the search of the vehicle side panels was conducted in violation of the Fourth Amendment.

**WHEREFORE,**

**IT IS THEREFORE ORDERED** that the Government's Motion to Reconsider the Court's November 16, 1999 Order Suppressing Evidence Seized in Violation of the Fourth Amendment filed December 14, 1999 **[Doc. No. 32]** is hereby **GRANTED IN PART and DENIED IN PART**. Defendant's Motion for Immediate Release filed December 22, 1999 **[Doc. No. 33];** and Defendant's Motion to Review Conditions of Release filed November 16, 1999 **[Doc. No. 31]** are **DENIED**. The Court again requests that Defendant resubmit its Motion to Review Conditions of Release taking into account this present ruling.

**DATED** this 3rd day of February, 2000.

_____
MARTHA VÁZQUEZ
U. S. DISTRICT JUDGE

Attorney for Defendant:
Dennis Montoya

Attorney for Government:
Neil Gallagher