IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                                                                              No. CR 99-631 MV

CRUZ MIRANDA-AYALA,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Motion to Dismiss Indictment for Government and Prosecutorial Misconduct Before the Grand Jury **[Doc. No. 64]**. The Court, having considered the motion, response, relevant law and being otherwise fully informed, finds that the motion is not well-taken and will be **DENIED.**

## FACTUAL BACKGROUND

On May 13, 1999 Defendant Cruz Miranda-Ayala was stopped in his vehicle for a traffic violation and subsequently arrested on an outstanding warrant. The arresting officer conducted an inventory of the vehicle, which revealed nothing out of the ordinary, and arranged for the vehicle to be impounded at Baca's Towing Services. Nineteen hours later, an employee of Baca's Towing Service, Mr. Avelino Gonzales, was conducting his own inventory of the vehicle, whereupon he discovered a small black bundle containing a white powdery substance under the driver's seat. A subsequent warrantless police search revealed the presence of marijuana in the truck bed. The evidence of the marijuana was suppressed for its seizure in violation of the Fourth Amendment.

Defendant now moves to dismiss the indictment on the grounds of prosecutorial misconduct. Specifically Defendant argues that one or more grand jurors expressed clear misgivings concerning the nature of the charges against Defendant. Defendant asserts that the prosecutor misled the grand jury in order to alleviate these concerns. The concerns raised by the grand jurors involved the length of time that elapsed from the moment of Defendant's arrest until the discovery of the contraband in his vehicle, and the level of security for automobiles impounded at Baca's Towing. One grand juror asked, "Legal Question: since there was a significant period of time in which the automobile was not in the control and possession of the original driver, does that raise a question on the validity of anything found in that vehicle and [sic] that was not found by either a police or DEA agent or anything like that, that it was found by the towing yard employee in something which was not a warranted search? Does that invalidate anything?" The prosecutor responded that the grand jurors need not consider the Fourth Amendment implications of the search, but rather must only consider whether Defendant knowingly possessed contraband. In addition, the prosecutor stated that the vehicle was in a secure location at the towing company and no one else had access to the vehicle. *See* Transcript at 2:2-2:18. When asked by a grand juror to describe the secure location, the case agent testified that the facility "has high fences, about anywhere from 10 to 12 feet, with barbed wire fences around it, which they do [sic] secure vehicle there for State Police when towed in." *See* Transcript 8:5-8:8. A grand juror asked how many people had keys to the towing lot - a fact which was unknown to the case agent. *See* Transcript 10:16-10:19. The agent testified that the lot was a secure location, and that only a few number of people at the towing service had access the vehicle. Transcript 10:5-10:8. In addition, a grand juror asked whether the car was segregated from other impounded vehicles on

the towing lot, to which the case agent responded that the Defendant's vehicle was impounded in the same secure location as other vehicles. Finally, the prosecutor also informed the grand jury that the arresting officer had initially only done a cursory check of Defendant's vehicle. According to Defendant, a videotape reveals that the search went on for some length of time.

## LEGAL STANDARD OF REVIEW

In *Bank of Nova Scotia v. United States*, the United States Supreme Court held that a court may invoke its supervisory power to dismiss an indictment for a prosecutorial misconduct before the grand jury "if it is established that the violation substantially influenced the grand jury's decision to indict, or if there is grave doubt that the decision was free from the substantial influence of such violations." *Bank of Nova Scotia v. United States*, 487 U.S. 250, 256 (1988) (quoting *U.S. v. Mechanik*, 475 U.S. 66 (1986)). Prejudice to the defendant is presumed when "the structural protections of the grand jury have been so compromised as to render the proceedings fundamentally unfair." *Bank of Nova Scotia v. United States*, 487 U.S. at 256-257. In *United States v. Williams*, 504 U.S. 36, 50-52 (1992), the Supreme Court clarified that a prosecutor presenting evidence to a grand jury has no duty to provide "substantial exculpatory evidence" to a grand jury determining whether an indictment should be brought.

The validity of an indictment is not affected by the type of evidence presented to a grand jury which returned it. *See United States v. Meyers*, 95 F.3d 1465, 1484 (10th Cir. 1996) (court refused to examine defendant's claim that grand jury indictment was based upon false testimony). The presumption of regularity which attaches to an indictment returned by a properly constituted grand jury is a "difficult burden to overcome" by someone seeking to have it dismissed. *United States v. Edmondson*, 962 F2d 1535, 1539 (10th Cir. 1992); *United States v. Kilpatrick,* 821 F.2d

1456 (10th Cir. 1987) ("the district court is prohibited from looking behind the indictment to determine if it was based on inadequate or incompetent evidence"), *aff'd, Bank of Nova Scotia*, 487 U.S. 250. An indictment may be dismissed on the basis of misconduct occurring before the grand jury only when the misconduct is "flagrant to the point that there is some infringement on a grand jury's ability to exercise independent judgment." *United States v. Wright*, 43 F.3d 491, 497 (10th Cir. 1994) (quoting *United States v. Pino*, 708 F.2d 523, 530 (10th cir. 1983). Moreover, "courts have very limited power to fashion rules of grand jury procedure, and certainly cannot impose rules that change the nature of the grand jury or the traditional relationship between the prosecutor, the constituting court, and the grand jury itself." *United States v. Colorado Supreme Court*, 87 F.3d 1161, 1165 (10th Cir. 1996) (citing *Williams*, 504 U.S. at 50-52)

## DISCUSSION

Defendant argues that the prosecutor deliberately misled the grand jury with regard to concerns they had about the length of time that elapsed between the moment of Defendant's arrest and the discovery of the contraband. In addition, Defendant asserts that the prosecutor misrepresented to the grand jury that the towing lot was secure and impervious to intruders. Upon reviewing the grand jury transcript, the Court is not persuaded that the alleged misrepresentations rise to the level of prosecutorial misconduct which would warrant a dismissal of the indictment. There were a few questions posed by the grand jurors concerning the length of time between the Defendant's arrest and the subsequent discovery of the contraband, and the level of security at the towing lot. First, a grand juror posing what was characterized as a "legal question"asked whether the grand jury should consider the length of time that elapsed and the warrantless search of the vehicle. The prosecutor responded that the grand jury should not be

4

concerned with the Fourth Amendment implications, but rather should only focus on whether there is probable cause to find that the Defendant knowingly possessed contraband. In addition, the prosecutor stated that the car was in a secure location. Defendant avers that this answer failed to truthfully address the grand juror's reservations about the length of time between the arrest and the discovery of the contraband. The Court finds the prosecutor's response to be entirely appropriate. The prosecutor as the legal advisor to the grand jury has a duty to answer legal questions. *See, e.g., United States v. Ciambrone*, 601 F.2d 616, 622 (2nd Cir. 1979). The prosecutor accurately informed the grand juror that they need not be concerned about the constitutional implications of the search, but rather must only decide whether there is probable cause that the elements of the crime have been met. *See United States v. Calandra*, 414 U.S. 338, 349 (1974) (Fourth Amendment's exclusionary rule inapplicable to grand jury proceedings). Moreover, contrary to the assertion of Defendant, the Court finds that the prosecutor adequately addressed the grand juror's query about the length of time between the arrest and the discovery of the contraband. The prosecutor stated that the towing lot was secure, thus alleviating the grand juror's concerns about the time span.

The Defendant alleges that the prosecutor falsely represented the lot as secure and elicited false and misleading testimony from the case agent suggesting that the towing lot was secure. The case agent testified that "[t]he actual facility has high fences, about anywhere from 10 to 12 feet, with barbed fences around it, which they do [to] secure vehicles there for the State Police when towed in." The accuracy of this statement has not been contested. Rather, Defendant argues that by describing the premises in such a manner, the witness characterized the towing lot as "impregnable to intrusion by third parties" when in fact both the prosecutor and the witness

5

were aware that the towing lot had security problems in the past. The Court is not persuaded by Defendant's arguments. First, the description of the towing lot by the witness hardly characterizes the towing lot as "impregnable to intrusion." This testimony merely depicts the conditions as they existed, and allows the grand jurors to draw their own conclusions as to whether the lot was indeed secure. The towing lot does indeed have certain security features which could reasonably lead the prosecutor and the case agent to conclude that it was secure. The prosecutor is not required to present exculpatory evidence to the grand jury, such as any evidence that Baca's Towing had experienced security problems in the past. This statement by the witness, and the characterizations of the towing lot as "secure" do not constitute "misconduct flagrant to the point that there is some infringement of the grand jury's ability to exercise independent judgment." *Wright*, 43 F.3d at 497.

The Defendant also alleges that the prosecutor misled the jury by asking a leading question that suggested that the arresting officer conducted only a cursory search of the vehicle. Defendant claims that the description is inaccurate because a videotape of the arrest depicts a "prolonged search of the vehicle." The government disputes this contention and argues that the videotape does not show any prolonged search. The Court has not reviewed the videotape, and need not be concerned with how long the initial search actually was. At the time the prosecutor presented the case before the grand jury, he had not seen any videotape of the arrest and from information and belief understood the initial search to be only cursory. Therefore, the testimony elicited by the prosecutor does not demonstrate any misconduct - harmless, prejudicial or otherwise.

The final argument made by Defendant is that the prosecutor has engaged in systematic and pervasive misconduct, by "failing to make required disclosures, and otherwise treading upon the rights of the accused." Defendant has not offered any specific evidence to support such a claim and therefore the Court will not consider the merits of this argument.

## CONCLUSION

**IT IS THEREFORE ORDERED** that the Defendant's Motion to Dismiss Indictment **[Doc. No. 64]** is hereby **DENIED.**

**DATED** this 1st day of May, 2000.

*[signature]*

MARTHA VÁZQUEZ
U. S. DISTRICT JUDGE

Attorney for Defendant:
Dennis Montoya

Attorney for Government:
Neil Gallagher