IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                No.    CR 99-631 MV

CRUZ MIRANDA-AYALA,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on the Government's Motion in Limine, filed March 24, 2000 **[Doc. No. 52]** and Motion for Pretrial Conference to Resolve Evidentiary Issues, filed May 23, 2000 **[Doc. No 74]**. The Court, having considered the motions, responses, relevant law, and being otherwise fully advised, finds that the motions are not well taken and will be **DENIED**.

### FACTUAL BACKGROUND

Defendant Cruz Miranda Ayala has been indicted on a charge of possession with intent to distribute cocaine. On May 13, 1999, Officer Ron Jackson of the New Mexico State Police stopped Defendant for a broken license plate. During the course of that traffic stop Officer Jackson learned from the dispatcher that there was an outstanding warrant for Defendant for failure to pay fines. Relying on that outstanding warrant, which was later discovered to be invalid, Officer Jackson took Defendant into custody and arranged for Defendant's truck Defendant to be towed. Officer Jackson

discovered nothing out of the ordinary during a routine inventory search of the vehicle. According to Defendant, the twenty minute traffic stop was captured both on police audio and video tape. However, Defendant alleges that during the course of the vehicle search the audio recording is inexplicably muted. Nineteen hours later, while Defendant was in custody, Avelino Gonzales, Jr., the owner of Baca's Towing Service - where defendant's vehicle was impounded - conducted his own routine inventory search of Defendant's vehicle. The purpose of this search was to account for Defendant's belongings due to recurring security problem at Baca's Towing. During the course of this search, Mr. Gonzales discovered an amount of cocaine underneath the passenger's seat of Defendant's vehicle.

Defendant has now learned that Officer Jackson has been indicted in Dona Ana County on charges of criminal sexual penetration in the second degree. The indictment alleges that the offensive conduct took place in June 1998, while Officer Jackson was working as a correctional officer at Dona Ana County Detention Center. According to Defendant, witnesses have represented that Officer Jackson induced female inmates into sexual activity by smuggling contraband into the facility. Defendant has also learned that Avelino Gonzales III, the son of Avelino Gonzales, Jr., has been convicted in the past of auto burglary and had access to Defendant's vehicle.

## DISCUSSION

The Government now seeks to prevent Defendant from either cross-examining witnesses or introducing extrinsic evidence of Officer Jackson's indictment or Avelino Gonzales III's criminal history on the grounds that such evidence is irrelevant, unduly prejudicial, and prohibited

under FED. R. EVID. of 607, 608 and 609. Defendant responds that he does not intend to offer such evidence to impeach the credibility of Government's witnesses, but rather intends to offer the evidence in support of Defendant's theory of the case that someone else placed the cocaine in Defendant's vehicle.

Pursuant to FED. R. EVID. 404(b):

> evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

Rule 404(b) is considered to be one of inclusion, rather than exclusion. It has been held that "any purpose for which bad-acts evidence is introduced is a proper purpose so long as the evidence is not offered solely to prove character." *U.S. v. Spinner*, 152 F.3d 950, 961 (D.C. Cir. 1998). The Tenth Circuit has set out a four-part test to determine the admissibility of evidence under FED. R. EVID. 404(b) which requires that:

(1) the evidence was offered for a proper purpose under FED. R. EVID. 404(b);
(2) the evidence was relevant under FED. R. EVID. 404(b);
(3) the probative value of the evidence was not substantially outweighed by its potential for unfair prejudice under FED. R. EVID. 403; and
(4) the district court, upon request, instructed the jury to consider the evidence only for the purpose for which it was admitted.

*See United States v. Morrow*, ____ F.3d_____, 2000 WL 192840, * 4 (10th Cir., Feb. 17, 2000).

Applying these principles to the present case the Court is not persuaded by Government's arguments that the evidence should be excluded. Rather, the Court believes that the Defendant has made a sufficient showing at this time to warrant denial of the Government's motion and that the Defendant should have the opportunity at trial to lay a foundation that the requirements of

3

FED. R. EVID. 404(b) have been met.

### A. Proper Purpose

Defendant does not seek to introduce this evidence as impermissible character evidence, but rather seeks to introduce it to show motive, opportunity, identity, preparation or plan. Defendant argues, and the Court agrees, that the passage of the nineteen hours between Defendant's arrest and the discovery of the cocaine in his truck entitles him to examine and present before the jury evidence concerning each and every individual having contact or possible contact with his vehicle during this period. Identity of the perpetrator is very much at issue in this case. *See U. S. v. Khorrami*, 895 F.2d 1186 (8th Cir. 1989) (other acts evidence which establishes motive or the identity of the crime's perpetrator is both relevant and admissible.) Defendant argues that it is plausible that Officer Jackson planted the cocaine in Defendant's vehicle, as part of a greater drug trafficking scheme in which he was engaged. Defendant argues that Officer Jackson's initial search essentially "sanitized the vehicle" thus eliminating any likelihood that the vehicle would be subject to subsequent search. Then Officer Jackson, according to Defendant, may have placed the drugs in the vehicle, to be retrieved later by another party. Defendant seeks to introduce evidence of the indictment in order to explain Officer Jackson's motive for allegedly placing the drugs within the vehicle. This motive, according to Defendant is both a general intent to abuse authority, as well as to gain sexual gratification through improper means. Defendant argues that Officer Jackson has demonstrated a willingness to abuse his authority for his own gains. Defendant argues that the alleged planting of the drugs is simply another instance of this abuse. Finally, Defendant argues that the prior indictment demonstrates that Officer Jackson was not mistaken regarding the absence of drugs in the vehicles

4

in the initial inventory search. Rather, Defendant argues that Officer Jackson correctly concluded that no drugs were within Defendant's vehicle and placed the drugs there for his own illicit purposes.

With regard to Avelino Gonzales III, Defendant argues that he had a history of automobile burglary, and could similarly have placed the drugs there as part of his own drug trafficking scheme. Avelino Gonzales' prior criminal history, according to Defendant, reveals a desire for profit and possible tendency towards drug use, which could provide a motive for the acts alleged by Defendant.

These purposes raised by Defendant - including motive, identity, and absence of mistake or accident are all within the scope of FED. R. EVID. 404(b) and therefore are not excludible as inadmissable character evidence.

**2.    Relevance**

The Court must next determine whether the evidence offered by Defendant is relevant to prove a fact of consequence in this case. Here Defendant is arguing that Officer Jackson and/or Avelino Gonzales III planted drugs in Defendant's vehicles. The evidence offered by Defendant is relevant to prove both their motives and the identity of the culprit or culprits in this case. The scope of relevancy in this inquiry is bounded only by the liberal standard of FED. R. EVID. 401, which provides that evidence is relevant if it has a tendency to make the existence of a fact that is of consequence to the determination of the action more or less probably than it would be without the evidence. *See Gardetto v. Mason*, 201 F.3d 447 (10th cir. 1999). A fact is "of consequence" when its existence would provide the fact-finder with a basis for making some inference, or chain of inferences, about an issue that is necessary to a verdict. *Id. citing United States v. McVeigh*,

153 F.3d 116, 1190 (10th Cir. 1998), *cert. denied*, 119 S. Ct 1148 (1999). Only a minimal degree of probability is required. Id. The evidence is sufficiently probative if it tends to show the existence of the asserted fact is "more... probable than it would be without the evidence." *Id.*

Here Defendant is arguing Officer Jackson has recently engaged in a pattern of abuse of authority, a pattern which Defendant argues has been replayed in the present case. Defendant further argues that Avelino Gonzales III has engaged in a pattern of criminal activity motivated by profit, a motive which could have led to his placing the drugs in Defendant's vehicle. Defendant has the right to present his theory that someone else placed the drugs in the vehicle, regardless of whether the Court admits the evidence or not. This theory supports the central defense that Defendant had no knowledge of the drugs. The Court agrees that the evidence makes Defendant's theory of the case more probable than it would be without the evidence.

**3.     Undue Prejudice**

The Court in determining the admissibility of prior bad acts under FED. R. EVID. 404(b) must determine whether the probative value of the evidence is substantially outweighed by the danger of unfair prejudice. FED. R. EVID. 403. Courts in determining the use of 404(b) evidence to support a Defendant's case have noted that the "risks of prejudice are normally absent when the defendant offers similar acts evidence of a third party to prove some fact pertinent to the defense." *U.S. v. Aboumousallem*, 726 F.2d 906 (2nd Cir. 1984), *see also U.S. v. Cohen*, 888 F.2d 770 (11th Cir. 1989); *U.S. v. McClure*, 546 F.2d 670 (5th Cir. 1977); *U.S. v. Stamper*, 766 F. Supp. 1396, 1406 (W.D.N.C. 1991). Likewise, this court believes that there is a distinction between a prosecution using prior bad acts evidence as a sword, and a defendant using prior bad acts evidence as a shield. The Defendant is entitled to present a defense to these criminal charges.

6

. This evidence, however, makes his defense all the more plausible. Evidence of alternative culprits and their motives for planting the drugs is highly probative to the defense case in this matter. The danger of prejudice to the Government's case does not warrant exclusion of this evidence at the present time.

## CONCLUSION

On these grounds, the Court must deny the Government's motion to exclude the evidence. The Defendant is constitutionally entitled to present his case through the confrontation of the Government's witnesses. The Court will not preclude the Defendant from asserting these rights on the grounds argued by the Government. That is not to say that the evidence will be definitively admitted at this time either. Defendant has the burden to lay a foundation for this evidence at trial and to satisfy the requirements of FED. R. EVID. 404(b). The Court is further denying the Government's motion for a hearing on this matter, both because it is not necessary at this time, and because it will unfairly prejudice the Defendant. If the Court did require Defendant to present a pretrial offer of proof to support the introduction of this evidence, the prosecution would gain a clear view of Defendant's case, and will have an unfair opportunity to prepare a rebuttal case. The Court will not require Defendant to present his case before the time when the Government is similarly so required. The Government is certainly aware of Defendant's plans to introduce the evidence, and, at this time, need not inquire in further detail, as to the precise offer of proof Defendant plans in order to support the introduction of the evidence.

**IT IS THEREFORE ORDERED** that the Government's Motion in Limine **[Doc. No. 52]** is hereby **DENIED** and the Government's Motion for Pretrial Conference **[Doc. No. 74]** is likewise **DENIED.**

Dated this 26th day of May, 2000.

_____
MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE

Attorney for Government
Neil Gallagher

Attorney for Defendant
Dennis Montoya